UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
**DUANE R. FLYNN,**

**Plaintiff,** **26 Civ**

**-against-** **COMPLAINT**

**JUAN CASTRO and**
**MARCOS I. TRENTO**

**Defendants.**
---------------------------------------------------------------X

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, **DUANE R. FLYNN**, by his attorneys, The Maurer Law Firm, PLLC complains of the defendants, **JUAN CASTRO** and **MARCOS I. TRENTO** and alleges:

**STATEMENT OF FACTS**

FIRST: Jurisdiction of the Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

SECOND: Plaintiff resides at 52 Four Corners Blvd, Hopewell Junction, New York 12533.

THIRD: Upon information and belief, Defendant, **JUAN CASTRO** resides at 826 Raymond Blvd Apt. 1, Newark, New Jersey 07202.

FOURTH: Upon information and belief, Defendant, **MARCOS I. TRENTO** resides at 313 South 7th Street, Elizabeth New Jersey 07102.

FIFTH: That on November 20, 2023, defendant **JUAN CASTRO** was operating a 2017 Dodge SWT bearing New Jersey license plate # F49LAV, with the knowledge and permission of the owner defendant **MARCOS I. TRENTO**.

SIXTH: That on November 20, 2023, plaintiff was the owner/operator of a 2018 Jeep SUV bearing New York License plate # JDF8072.

SEVENTH: That on November 20, 2023, State Route 17 was a public roadway that had two eastbound lanes of traffic and two westbound lanes of traffic at the intersection with exit 23, Town of Goshen, Orange County, New York.

EIGHTH: That on November 20, 2023, at approximately 4:00 P.M., while plaintiff was operating the 2018 Honda SUV bearing New York License plate # JDF8072 westbound on State Route 17 in the far right driving lane, defendant **JUAN CASTRO**, who was operating the 2017 Dodge SWT bearing New Jersey license plate # F49LAV westbound in the middle driving lane initiated a lane change and failed to yield the right of way to the Plaintiff, causing the 2017 Dodge SWT bearing New Jersey license plate # F49LAV to collide with the side of the 2018 Honda SWT bearing New York License plate # JDF8072.

**AS AND FOR A FIRST CAUSE**
**OF ACTION AGAINST JUAN CASTRO**

NINTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs FIRST through EIGHTH of this Complaint with the same force and effect as if fully set forth at length herein.

TENTH: That the afore-described automobile collision occurred solely due to the negligence of defendant **JUAN CASTRO** who so negligently and carelessly conducted himself at all times relevant by: failing to operate the 2017 Dodge SWT bearing New Jersey license plate # F49LAV in compliance with the New York State Vehicle and Traffic Law; failing to yield the right of way; failing to keep the 2017 Dodge SWT bearing New Jersey license plate # F49LAV within its lane until defendant JUAN CASTRO first ascertained that movement from such lane

could be made with safety; failing to keep the 2017 Dodge SWT bearing New Jersey license plate # F49LAV under control; failing to keep a proper lookout; operating the 2017 Dodge SWT bearing New Jersey license plate # F49LAV at an unsafe speed given the traffic and road conditions present; failing to slow his vehicle down when changing lanes; failing to stop his vehicle prior to colliding with the 2018 JEEP SUV bearing New York License plate # JDF8072; failing to warn the plaintiff of an impending collision; and violating New York Vehicle & Traffic Law sections: §1101 (required obedience to traffic laws); §1110. Obedience to and required traffic-control devices; §1128. Driving on roadways laned for traffic; §1140. Vehicle approaching or entering intersection; §1146 (Drivers to Exercise Due Care); §1163(a) (Turning Movements and Required Signals); §1163 (turning movements and required signals); §1180(a) (Speed Restrictions – Basic Rule and Maximum Limits); §1180-e. Owner liability for failure of operator to comply with certain posted maximum speed limits; highway construction or maintenance work area; and, §1212 (Reckless Driving).

ELEVENTH: As a result of the foregoing acts of negligence on the part of defendant JUAN CASTRO, plaintiff **DUANE R. FLYNN,** sustained a serious injury as defined in section 5102(d) of the Insurance Law of the State of New York in the form of: Left hand traumatic carpal tunnel syndrome requiring plaintiff to undergo a left endoscopic carpal tunnel release; Cervical sprain; Rotator cuff tendonitis; Scapular dyskinesis; Cubital Tunnel Syndrome, Left; Lesion of ulnar nerve left upper limb; partial-thickness subscapularis tendon tear which may require surgical repair; mild glenohumeral joint osteoarthrosis with degenerative tearing of the anterosuperior, superior and posterosuperior labrum; Subacromial and Subdeltoid Bursitis with effusion of the subacromial-deltoid bursa; bicipital Tendinitis; left hip strain; Lumbar sprain

with left lumbar radiculopathy;. Plaintiff has also sustained an aggravation of pre-existing, asymptomatic: degenerative Spondylolisthesis at L5-S1 with old posterior wedge deformity of the L5 vertebral body and Spondylosis; chronic bilateral spondylolysis at L5 with grade 1 anterolisthesis of L5-S1 and diffuse disc bulging causing mild bilateral neuroforaminal narrowing. Plaintiff may be required to undergo decompression and fusion of LS-S1 in the future.

TWELFTH: As a result of the acts of negligence on the part of defendant **JUAN CASTRO** alleged herein, plaintiff **DUANE R. FLYNN** has been compelled to incur or become liable for great expense for medical treatment and medicines and will be compelled to incur further expenses in the future for these purposes.

THIRTEENTH As a result of the acts of negligence on the part of defendant **JUAN CASTRO** alleged herein, plaintiff **DUANE R. FLYNN** sustained non-economic loss as defined in Section 5102(c) of the Insurance Law of the State of New York.

FOURTEENTH As a result of the foregoing acts of negligence on the part of defendant **JUAN CASTRO**, plaintiff **DUANE R. FLYNN** sustained economic loss greater than basic economic loss, as defined in Section 5102(a) of the Insurance Law of the State of New York.

FIFTEENTH: As a result of the acts of negligence on the part of defendant, **JUAN CASTRO** alleged herein, plaintiff **DUANE R. FLYNN** was caused to suffer damages estimated to be in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST MARCOS I. TRENTO**

SIXTEENTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs FIRST through FIFTEENTH of this Complaint as if fully set forth at length herein.

SEVENTEENTH: That pursuant to New York Vehicle & Traffic Law § 388, defendant **MARCOS I. TRENTO** is vicariously liable for co-defendant **JUAN CASTRO**'s negligence, carelessness and recklessness and multiple violations of the New York Vehicle & Traffic Law, to wit sections: §1101 (required obedience to traffic laws); §1110. Obedience to and required traffic-control devices; §1128. Driving on roadways laned for traffic; §1140. Vehicle approaching or entering intersection; §1146 (Drivers to Exercise Due Care); §1163(a) (Turning Movements and Required Signals); §1163 (turning movements and required signals); §1180(a) (Speed Restrictions – Basic Rule and Maximum Limits); §1180-e. Owner liability for failure of operator to comply with certain posted maximum speed limits; highway construction or maintenance work area; and, §1212 (Reckless Driving).

EIGHTEENTH: As a result of the foregoing acts of negligence on the part of defendants **JUAN CASTRO** and **MARCOS I. TRENTO**'s vicarious liability, plaintiff **DUANE R. FLYNN**, sustained a serious injury as defined in section 5102(d) of the Insurance Law of the State of New York in the form of: Left hand traumatic carpal tunnel syndrome requiring plaintiff to undergo a left endoscopic carpal tunnel release; Cervical sprain; Rotator cuff tendonitis; Scapular dyskinesis; Cubital Tunnel Syndrome, Left; Lesion of ulnar nerve left upper limb; partial-thickness subscapularis tendon tear which may require surgical repair; mild glenohumeral joint osteoarthrosis with degenerative tearing of the anterosuperior, superior and posterosuperior labrum; Subacromial and Subdeltoid Bursitis with effusion of the subacromial-deltoid bursa; bicipital Tendinitis; left hip strain; Lumbar sprain with left lumbar radiculopathy;. Plaintiff has also sustained an aggravation of pre-existing, asymptomatic: degenerative Spondylolisthesis at L5-S1 with old posterior wedge deformity of the L5 vertebral

body and Spondylosis; chronic bilateral spondylolysis at L5 with grade 1 anterolisthesis of L5-S1 and diffuse disc bulging causing mild bilateral neuroforaminal narrowing. Plaintiff may be required to undergo decompression and fusion of LS-S1 in the future.

NINETEENTH: As a result of the foregoing acts of negligence on the part of defendant **JUAN CASTRO** and **MARCOS I. TRENTO**'s vicarious liability, plaintiff DUANE R. FLYNN has been compelled to incur or become liable for great expense for medical treatment and medicines and will be compelled to incur further expenses in the future for these purposes.

TWENTIETH: As a result of the foregoing acts of negligence on the part of defendant **JUAN CASTRO** and **MARCOS I. TRENTO**'s vicarious liability, plaintiff **DUANE R. FLYNN** sustained economic loss greater than basic economic loss, as defined in Section 5102(a) of the Insurance Law of the State of New York.

TWENTY-FIRST: As a result of the foregoing acts of negligence on the part of defendant **JUAN CASTRO** and **MARCOS I. TRENTO**'s vicarious liability, plaintiff **DUANE R. FLYNN**, sustained non-economic loss as defined in Section 5102(c) of the Insurance Law of the State of New York.

TWENTY-SECOND: That pursuant to New York Vehicle & Traffic Law § 388, defendant **MARCOS I. TRENTO** is vicariously liable for all injuries and damages sustained by plaintiff **DUANE R. FLYNN** due to the afore-claimed negligent conduct of defendant **JUAN CASTRO**.

TWENTY-THIRD: That as a result of the foregoing acts of negligence on the part of **JUAN CASTRO** and **MARCOS I. TRENTO**'s vicarious liability, plaintiff **DUANE R.**

**FLYNN** was caused to suffer damages estimated to be in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against defendant **JUAN CASTRO** on the First Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS; Plaintiff demands judgment against defendant **MARCOS I. TRENTO** on the Second Cause of Action in the sum of THREE MILLION ($3,000,000) DOLLARS; and, Plaintiff seeks post-judgment interest and the costs of this action.

Dated: Fishkill, New York
October 26, 2026

THE MAURER LAW FIRM, PLLC
Attorneys for Plaintiff
By: ______________________
Ira M. Maurer, Esq.
300 Westage Business Center Drive, Suite 360
Fishkill, N.Y. 12524
(845) 896-5295